**Kenneth A. BROWN, Plaintiff,**

v.

**SHEARSON/AMERICAN EXPRESS, INC.; David Eckerdt, Mgr., Salem Br.; Bruce Holoubek, Acc. Executive; Defendents.**

**Civ. No. 85–602–FR.**

United States District Court,
D. Oregon.

June 3, 1985.

Kenneth A. Brown, Gervais, Or., pro se.

James Hamers, Aiken and Hamers, Salem, Or., for defendants.

## OPINION AND ORDER

FRYE, District Judge.

Plaintiff, Kenneth A. Brown, brought this action pro se, contending that defendants violated the Securities and Exchange Act of 1934 in improperly selling plaintiff a stock option. Plaintiff seeks compensatory and punitive damages.

The matter before the court is defendants' motion to dismiss. Fed.R.Civ.P. 12(b) provides that if matters outside the pleadings are presented to the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule

56. Since matters outside the pleadings have been presented by the defendants, their motion to dismiss shall be treated as one for summary judgment.

Defendants also move the court for an order granting them their costs and disbursements incurred in a previously dismissed action.

## DEFENDANTS' MOTION TO DISMISS

### Undisputed Facts

In August, 1984, plaintiff filed a complaint against defendants in the Circuit Court for the State of Oregon, County of Marion, Case No. 150,903, seeking compensatory and punitive damages for a violation of the Securities and Exchange Act of 1934 in that defendants improperly sold to plaintiff a stock option. Defendants filed a motion to place the matter in abatement and requested the state court to order plaintiff to proceed through arbitration. Plaintiff failed to comply with the court's order and plaintiff's claim was dismissed with prejudice.

Plaintiff thereafter brought this action in federal court. The only difference between the two complaints is the amount of damages requested.

### Law

The rule of res judicata as stated by the Supreme Court is as follows:

> [W]hen a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit ... are thereafter bound not only as to every matter which was offered and received to sustain or defeat the claim ..., but as to any other matter which might have been offered. The judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever. *Commissioner v. Sunnen*, 333 U.S. 591, 597, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948) (emphasis added).

Res judicata applies when there is a valid, final judgment on the merits. 18 C. Wright & A. Miller, Federal Practice and Procedure, § 4432 (1981). The rule operates to bar a party from bringing a subsequent action on the same operative facts.

The requirement that the "judgment be on the merits" is satisfied in this case. When plaintiff failed to proceed through arbitration, the state court judge dismissed plaintiff's claim with prejudice. Dismissal for failure to comply with any court order operates as an adjudication on the merits. 18 C. Wright & A. Miller, Federal Practice and Procedure § 4435 (1981).

Defendants' motion to dismiss is hereby granted.

## DEFENDANTS' MOTION FOR COSTS AND DISBURSEMENTS

Defendants also move the court for an order granting them their costs and disbursements incurred in the previously dismissed state court case pursuant to Fed. R.Civ.P. 41(d), which provides:

> [I]f a plaintiff who has once dismissed an action in any court commences another action on the same claim against the same defendant, the court may require the payment of costs in the prior action before proceeding with the second action.

Rule 41(d) by its terms is applicable only when *the plaintiff* has dismissed an action. Thus, Rule 41(d) does not cover cases in which there was an involuntary dismissal of the prior action by the court. 9 C. Wright and A. Miller, Federal Practice and Procedure § 2375 (1981). Defendants' motion for costs and disbursements as to the prior case is hereby denied.

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. Defendants' motion to dismiss is GRANTED.

2. Defendants' motion for costs and disbursements as to the prior case is DENIED.